UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KALVIN MARSHALL,

                Petitioner,

  v.

NYS DOCCS, et. al.,

                Respondents.

9:16-CV-1501
(GTS)

---

APPEARANCES:

KALVIN MARSHALL
37417-083
Petitioner, pro se
USP Lee, Inmate Mail/Parcels
P.O. Box 305
Jonesville, VA 24263

HON. ERIC T. SCHNEIDERMAN    PAUL B. LYONS, AAG
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Kalvin Marshall filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1 and 1-3, Exhibits.[1] Respondent filed an answer, and petitioner filed a reply. Dkt. No. 5, Respondent's Letter Brief; Dkt. No. 8, Traverse. For the reasons that follow, the petition will be transferred to the Second Circuit Court of Appeals.

---

[1] The cited page numbers for the petition refer to those generated by the Court's electronic filing system ("ECF").

## II.     RELEVANT BACKGROUND

In 2001, petitioner was tried in absentia in the Kings County Supreme Court and was convicted of attempted second degree murder and related charges. Pet. at 2-3, 8; *see* Dkt. No. 1-1, Hearing Transcript, Feb. 14, 2001; *People v. Marshall*, 35 A.D.3d 764 (2d Dep't. 2006), *lv. denied* 8 N.Y.3d 947 (2007).

On October 30, 2002, petitioner pleaded guilty to conspiracy to distribute crack cocaine (21 U.S.C. §846) (Count 1s) and felon in possession of a firearm (18 U.S.C. §922(g)(1)) (Count 5s) in the Eastern District of Virginia. *United States v. Marshall,* No. 3:02-CR-0225, Dkt. Nos 41-44 (E.D. Va. Oct. 30, 2002). On January 24, 2003, he was sentenced to serve an aggregate term of 384 months in prison followed by 5 years supervised release. *Id.* at Dkt. No. 53; Pet. at 1.

On or about March 7, 2003, the New York State Department of Corrections and Community Supervision ("DOCCS") lodged a detainer against petitioner based on the 2001 Kings County conviction. Pet. at 8; Dkt. No. 1-3, Letter.

In August 2008, petitioner challenged his 2001 Kings County conviction in a petition brought pursuant to 28 U.S.C. §2254 in the Eastern District of New York. Pet. at 6; *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 1. He argued that he was tried in absentia in violation of the United States Constitution, and that appellate counsel was ineffective. *See id.* at Dkt. No. 1-3. On October 12, 2011, the petition was denied and dismissed on the merits. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 28, 2011 WL 12544179 (E.D.N.Y. Oct. 12, 2011). Petitioner moved to alter or amend the judgment pursuant to Fed. R. Civ Proc. 59(e), and on November 14, 2011, the motion was denied. *Id.* at Dkt. Nos. 30-31. Petitioner

2

appealed the denial of his petition and motion, and on October 4, 2012, the Second Circuit denied a certificate of appealability ("COA") and dismissed the appeal. *Id.* at Dkt. No. 37.

In June 2013, petitioner moved to reopen the petition pursuant to Rule 60(b)(1) and (d)(1) of the Federal Rules of Civil Procedure. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 38. On November 7, 2013, the motion was denied. *See id.*, Dkt. No. 40, 2013 WL 9894223 (E.D.N.Y. Nov. 7, 2013). Petitioner appealed, and on April 8, 2014, the Second Circuit denied his motion for a COA and dismissed the appeal. *Id.* at Dkt. No. 45.

Petitioner moved for reconsideration of the Eastern District Court's November 7, 2013 decision denting his Rule 60(b) motion. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 46. On November 17, 2014, the motion was denied. *Id.* at Dkt. No. 51, 2014 WL 6460687 (E.D.N.Y. Nov. 17, 2014). Petitioner appealed, and on May 6, 2015, the Second Circuit denied his request for a COA and dismissed the appeal. *Id.* at Dkt. No. 55.

In June 2015, petitioner again moved to reopen his petition pursuant to Fed. R. Civ. P. 60(b), and the motion was denied on June 29, 2015. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. Nos. 56-57. Between August 2015 and October 2015, petitioner filed additional motions related to his petition. *Id.* at Dkt. Nos. 58-60. On February 9, 2016, these motions were dismissed with prejudice, and the district court advised petitioner that "any further successive motions for reconsideration may be an abuse of the process of this Court and could result in an order denying Marshall the ability to bring any further motions for reconsideration." *Id.* at Dkt. No. 63, 2016 WL 541137 (E.D.N.Y. Feb. 9, 2016) (internal quotation marks and citation omitted).

Within days of the court's February 9, 2016 order, petitioner filed a motion to alter the judgment. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 64. On July 25, 2016, the district

3

court dismissed the motion with prejudice, and again warned petitioner that "any further motions of this kind, ..., may be an abuse of the process of the court and could thus result in an order denying Marshall the ability to bring any further such motions." *Id.*, Dkt. No. 67 at 8. Petitioner appealed, but later moved to withdraw his appeal. On October 5, 2016, petitioner's motion to withdraw his appeal was granted. *Id.*, Dkt. No. 70.

On December 13, 2016, the district court denied petitioner's motion for a COA to appeal from its February 8 and July 21, 2016 Orders. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 71 (referencing orders at Dkt. Nos. 63 and 67). On February 14, 2017, the Second Circuit also denied petitioner's motion for a COA and dismissed his appeal. *Id.* at Dkt. No. 72.

### III. THIS ACTION

In the midst of the ongoing litigation in the Eastern District, petitioner filed this action on or about December 12, 2016. Pet. at 15. He claims that the 2003 New York detainer is invalid because the 2001 Kings County conviction upon which it is based is "constitutionally defective" because he was tried in absentia but did not waive his right to be present at trial. Pet. at 6, 8-13; *see* Dkt. No. 1-1, Hearing Transcript, Feb. 14, 2001. He asks this Court to release him from custody or to order "any other relief this court may deem proper." Pet. at 14; *see* Dkt. No. 8 at 2.

4

## IV.	DISCUSSION[2]

### A.	Governing Statute

Petitioner is adamant that his petition should be considered pursuant to 28 U.S.C. §2241. Pet.; *see* Dkt. No. 8, Reply. Respondent argues that because petitioner is challenging the validity of a New York state conviction upon which a state detainer is based, the petition is properly brought pursuant to 28 U.S.C. §2254. Dkt. No. 5, Letter Brief. This Court agrees with respondent.

The fact that petitioner has invoked section 2241 does not require the Court to so construe the petition. Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). Sections 2241 and 2254 have overlapping language, but the sections address different claims. Section 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Cook*, 321 F.3d at 278. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). That section generally permits federal prisoners to challenge the execution of a

---

[2] The DOCCS detainer "represents a present claim by New York of jurisdiction over petitioner's person and of the right to subject him to its orders and supervision in the future. As such, it constitutes sufficient 'custody' to make available to him the remedy of habeas corpus." *Goodwin v. Hammock*, 502 F. Supp. 756, 758 n.2 (S.D.N.Y. 1981) (citing *United States ex rel. Meadows v. State of New York*, 426 F.2d 1176, 1179 (2d Cir. 1970) (a federal inmate who challenged a "state parole detainer already lodged but to take effect in the future" was in custody for purposes of habeas review.) (further citations omitted).

5

sentence, including the computation of the sentence and parole decisions. *Cook*, 321 F.3d at 278; *see Doe v. Terrell*, No. 1:09-CV-5834, 2010 WL 743180 at *3 (S.D.N.Y. Feb. 25, 2010) ("Although §2241 may be invoked by prisoners 'in custody under or by color of the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2241(c), the statute pertains to challenges to the execution of a *federal* sentence.") (emphasis in original, quoting *Robinson v. Atkinson*, No. 1:03-CV-5176, 2004 WL 1798129 at *2 (S.D.N.Y. Aug. 5, 2004)).[3]

Here, petitioner is in federal custody, but he does not challenge his federal conviction or sentence. *See* Pet. Instead, he challenges state action (the lodging by DOCCS of a detainer) based on a state court conviction that petitioner argues was unconstitutionally obtained. Section 2254 is therefore the appropriate jurisdictional base for petitioner's claims. *See Doe,* 2010 WL 743180 at *3 (petitioner, "who is in federal custody pursuant to a decision by state officials, challenges solely the actions of the Board, a state entity. Therefore, the petition should be construed as a request for habeas relief under § 2254."); *Esposito v. Mintz*, 726 F.2d 371, 372-73 (7th Cir. 1984) ("a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254.") (internal citation

---

[3] Federal prisoners may also challenge the validity of their convictions under section 2241 if they can show that the remedy under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997). This so-called "savings clause" applies only in rare circumstances where a federal prisoner can prove actual innocence on the face of the existing record and that the claim could not have been raised earlier. Cephas, 328 F.3d at 104 (citing *Triestman*, 124 F.3d at 363). The savings clause is based upon specific language found in section 2255 that is absent from section 2254. Petitioner is currently a federal prisoner, but he challenges a state court conviction. The savings clause does not, therefore, permit him to challenge the validity of his state conviction pursuant to section 2241. *Cf Figueroa v. Walsh*, No. 1:06-CV-4179, 2007 WL 2288048 at *3-4 & n. 2 (E.D.N.Y. Aug. 8, 2007) (ruling that the "savings clause" did not permit petitioner to challenge his state conviction pursuant to section 2241 because he failed to show section 2254 was inadequate, treating the section 2241 petition as one filed pursuant to section 2254, and transferring it as successive to the Second Circuit).

omitted)); *Manns v. Martinez*, No. 3:08-CV-752, 2008 WL 5104809 at *1 (D. Conn. Dec. 1, 2008) (construing § 2241 petition brought by federal inmate petitioner as one under § 2254 because the petitioner sought an order "setting aside a detainer lodged against him by the State of Connecticut and the criminal charges upon which the detainer was based."); *Goodwin*, 502 F. Supp. at 758 (challenge to New York's refusal to grant a federal inmate a hearing on the validity of a state parole detainer properly brought pursuant to section 2254). This petition will therefore be construed as one brought under 28 U.S.C. §2254.[4]

## B. Second or successive petition

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§2244(b)(1)-(3); *see* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; N.D.N.Y. L.R. 72.4(c). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

---

[4] Ordinarily, before a pro se petition can be converted from one brought under section 2241 to one brought under section 2254, the court must notify the petitioner that it intends to convert the petition, warn the petitioner that this conversion means that any subsequent section 2254 petition will be subject to the restrictions on second or successive petitions, and give the petitioner an opportunity to withdraw the petition or to amend it to include all the claims he wants the court to review. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 281-82. But as noted, petitioner already filed a section 2254 petition challenging the 2001 Kings County conviction, and the petition was denied on the merits. Therefore, this action is already subject to the gate keeping provisions of section 2244, and the perils of converting this petition without notice to petitioner are not present in this case. *Castro*, 540 U.S. at 383; *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004); *see Palmer v. Phillips*, No. 1:05-CV-9894, 2007 WL 60419 at *2 (S.D.N.Y. Jan. 8, 2007) (stating that the warnings discussed in Castro apply "only where the recharacterized petition would be a petitioner's first habeas filing, lest subsequent petitions be barred as 'second or successive.'") (quoting *Castro*, 540 U.S. at 383).

7

Although petitioner challenges the 2003 New York detainer, the crux of his argument is that the 2001 Kings County conviction, upon which the detainer is based, is invalid. *See* Pet. The petition is successive because he challenged the same conviction in his previous habeas petition, which was denied and dismissed on the merits in 2011. *Marshall v. Keffer*, No. 1:08-CV-3424, Dkt. No. 28, 2011 WL 12544179 (E.D.N.Y. Oct. 12, 2011). When a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Therefore, the petition will be transferred to the Second Circuit for review. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (stating the requirements on second or successive habeas petitions under section 2244(b)(1)-(3), and noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new-rule or actual-innocence provisions. §2244(b)(3)."); *Figueroa*, 2007 WL 2288048 at \*5 (treating a petition filed under section 2241 as a second or successive section 2254 petition and transferring it to the Second Circuit).

**V. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is converted from one brought pursuant to 28 U.S.C. §2241 to one brought pursuant to 28 U.S.C. §2254; and it is

**ORDERED** that the Clerk transfer the petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. §2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the appropriate district court; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  May 19, 2017
        Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge